**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5532-17T3

U.S. BANK TRUST, N.A.
AS TRUSTEE FOR LSF9
MASTER PARTICIPATION
TRUST,

     Plaintiff-Respondent,

v.

HEATHER L. TORRONE,
MR. TORRONE, husband of
HEATHER L. TORRONE,
VINCENT TORRONE, and
MRS. VINCENT TORRONE,
his wife,

     Defendants-Appellants,

and

BANK OF AMERICA, N.A.,
and DOREEN IRWIN,

     Defendants.

_____

Submitted October 3, 2019 - Decided October 23, 2019

Before Judges Koblitz and Whipple.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-032641-09.

Rubenstein Business Law, attorneys for appellants (David Joshua Rubenstein, on the brief).

Phelan Hallinan Diamond and Jones, attorneys for respondent (Brian J. Yoder, on the brief).

PER CURIAM

In this residential mortgage foreclosure action, defendants Heather and Vincent Torrone appeal from a May 25, 2018 Chancery Division order denying defendants' motion to vacate the March 20, 2018 sheriff's sale.[1]  We affirm.

The record reveals the following information.  On February 27, 2004, defendant executed a note for $313,500 in favor of GreenPoint Mortgage Funding, Inc. (GreenPoint).  The fixed interest rate was 6.250%, and the required monthly payment was $1,930.28.  To secure payment of the note, on the same date, defendant executed a non-purchase money mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for GreenPoint, encumbering their property in Bloomfield.  The mortgage was recorded on March 12, 2004, in the Essex County Clerk's Office.

---

[1] We denied defendants extremely untimely motion to appeal the final judgment.

A-5532-17T3

On March 1, 2009, defendants defaulted on the loan, and failed to make any payments since that date. After the filing of a foreclosure complaint and contesting answer, on March 18, 2016, the parties agreed to a consent order in which defendants agreed to withdraw all counterclaims and deem their answer non-contesting in exchange for an agreement to refrain from a final judgment until July 13, 2016. After several assignments, on January 18, 2017, the mortgage was assigned to plaintiff, U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust (USBankTrust), which was recorded on January 25, 2017. An uncontested motion to substitute plaintiff was granted on March 2, 2017.

On August 29, 2017, without objection, a final judgment for $428,123 plus interest and counsel fees was entered against defendants. The sheriff's sale occurred on March 20, 2018 and defendants filed a motion to vacate the sale three weeks later.

Defendants' sole claim before the motion court and on appeal is that USBankTrust is a foreign entity not registered to conduct business in New Jersey and therefore it could not move for the entry of final judgment or proceed to a sheriff's sale. We find "an abuse of discretion when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested

3

on an impermissible basis.'" US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 467–68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Defendants made no objection to the assignment of mortgage to plaintiff, which occurred after defendants withdrew their objections to the entry of final judgment. Under these circumstances a foreign bank may seek final judgment and pursue a sheriff's sale.

The Foreign Banks section under Article 44 of The Banking Act of 1948, N.J.S.A. 17:9A-325 to -332, states in pertinent part:

> Nothing in this article shall prohibit a foreign bank from
>
> . . . .
>
> (2) contracting in this State with a banking institution to acquire, and acquiring in this State from such banking institution, a part interest in or the entire interest in any loan heretofore or hereafter made by such banking institution, together with a like interest in any security and any security instrument heretofore or hereafter given to such banking institution to secure or evidence such loan;
>
> (3) enforcing in this State obligations heretofore or hereafter acquired by it in the transaction of business outside of this State, or in the transaction of any business authorized by paragraph (1) or (2) of this section;

(4) acquiring, holding, leasing, mortgaging, contracting with respect to, or otherwise protecting or conveying property in this State heretofore or hereafter assigned, transferred, mortgaged or conveyed to it as security for, or in whole or part satisfaction of a loan or loans made by it or obligations acquired by it in the transaction of business outside of this State, or in the transaction of any business authorized by paragraphs (1) or (2) of this section.

[N.J.S.A. 17:9A-331]

The motion court did not abuse its discretion in denying defendants' motion to vacate the sheriff's sale.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5532-17T3